UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON SEBASTIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-01071-SRC |
| ) | |
| ROY FOOT et al., ) | |
| ) | |
| Defendants. ) | |

### Memorandum and Order

Self-represented Plaintiff Aaron Sebastian, a pretrial detainee, alleges that his jailors have mistreated him by needlessly macing him and then failing to provide him appropriate medical care. Alongside his complaint, Sebastian has filed a motion for leave to proceed in forma pauperis and a motion requesting that the Court appoint him counsel. Having reviewed Sebastian's filings, the Court grants his motion to proceed IFP and waives the initial partial filing fee. The Court denies his motion for appointment of counsel. Finally, the Court takes the opportunity to conduct an initial review of this case and dismisses without prejudice all claims except those Sebastian makes against Defendant Scott Halek in his individual capacity.

**I.      Background**

In August 2023, Sebastian jointly filed this lawsuit with fellow pretrial detainees Kelly McSean and Dakota Pace. *See* doc. 1; *id.* at 2–3. All three plaintiffs also jointly filed motion for leave to proceed IFP and for the appointment of counsel. Docs. 3–4. After the Court ordered that each plaintiff sue separately, *see* docs. 6–7, Sebastian separately filed his own motions for leave to proceed IFP and for the appointment of counsel, docs. 8–9. The operative pleading remains the jointly filed complaint, *see* doc. 6, which names six defendants, all employees of the

St. Francois County Jail: Corporal Roy Foot; Officer Scott Halek; Katie Harris, a medical professional at the jail; Lieutenant Hardy White; Randy Camden, the jail administrator; and Advanced Correctional Healthcare (ACH), a company with which the jail has contracted to provide healthcare to its inmates, doc. 1 at 3–6. Sebastian sues each defendant in both individual and official capacities. *Id.*

Pursuant to 42 U.S.C. § 1983, Sebastian alleges that Defendants violated his First, Fifth and Fourteenth Amendment rights in an incident during which Halek needlessly maced him and fellow detainees. Doc. 1 at 7–9. Sebastian alleges that when fellow detainee Dakota Pace needed a plunger to unclog his cell toilet, Pace began kicking on his cell door in an effort to get the attention of jail staff. *Id.* at 7. Halek entered the cell and asked who was kicking the cell door. *Id.* After Pace explained, Halek left the cell, returning minutes later with a "cell buster size canister of mace." *Id.* at 7–8. He then "became verbally and physically aggressive," macing Pace while Pace sought cover behind a mattress, beating Pace over the head with the canister, and punching him in the head and face. *Id.* at 8. As Halek was leaving Pace's cell, Sebastian asked Halek if he was proud of how he had handled the situation. *Id.* Halek then maced Sebastian and his cellmate through the mesh window of their cell door "at point blank range in the face." *Id.* at 8–9. Halek continued to mace them until the canister was empty, then left the pod laughing. *Id.* at 9. He offered Sebastian no medical attention or shower. *Id.*

Sebastian goes on to allege that ACH and its employee Katie Harris "breached their duty to provide adequate care" in the wake of the incident, with "deliberate intent to allow [Sebastian] to suffer injuries." *Id*. at 10–11. He also alleges that Foot, White, and Camden violated his rights "by failing to follow up to ensure the well-being of pretrial detainees under their care" and

2

then "by not providing voluntary statements" as Sebastian requested for use in a grievance proceeding. *Id.* at 11–12. Since the macing incident, Sebastian claims he has suffered "anxiety," "vision complications," "headaches," "sleep deprivation," "fear of authority figures," "nightmares," "undue worry," "undue stress," "skin issues," feelings of being "unrecognized and unimportant," "depression," "trauma," "breathing issues," feelings of "helplessness," and "suicidal thoughts." *Id.* at 12–15. He seeks $1,250,000 per defendant, or a total of $7.5 million. *See id.* at 22–25.

## II. Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To properly state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon its judicial experience and common sense. *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). The court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (alteration in original) (citing *Twombly*, 550 U.S. at 570).

When reviewing a pro se complaint under section 1915(e)(2), the Court must give it the benefit of a "liberal construction"—meaning that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (alteration in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *See Stone*, 364 F.3d at 915 (explaining that even in a pro se case, federal courts need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Finally, affording a pro se complaint the benefit of a liberal construction does not mean that courts should interpret the procedural rules of civil litigation "so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III. Discussion

The Court addresses Sebastian's pending motions for leave to proceed IFP and for the appointment of counsel, then conducts its initial review under section 1915(e)(2).

#### A. Motion for leave to proceed IFP

A prisoner bringing a civil action in forma pauperis "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must "collect . . . an initial partial filing fee of 20 percent of the greater of . . . (a) the average monthly deposits to the prisoner's account[] or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." *Id.* "After payment of the initial partial filing fee, the

4

prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2).  Unlike the initial fee, the prisoner does not affirmatively make the monthly payments himself; rather, "the agency having custody of the prisoner shall forward [those] payments to the [C]lerk of [C]ourt each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Having reviewed Sebastian's motion and supporting documents, the Court grants his motion for leave to proceed IFP.  Here, Sebastian has submitted a ledger from the St. Francois County Jail for the time period from December 20, 2022, through December 27, 2023.  Doc. 8 at 3.  The ledger indicates that Sebastian has received no deposits into his account and currently has a negative account balance. *Id.*  Applying the terms of the statute, 20 percent of his monthly deposits or account balance yields the same figure:  $0.00.  Accordingly, the Court waives Sebastian's initial partial filing fee.

### B. Motion for the appointment of counsel

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam).  Instead, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim and where the nature of the litigation is such that [the] plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citations omitted).  When determining whether to appoint counsel for an indigent litigant, courts consider such relevant factors as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present his claim. *Phillips v. Jasper Cnty. Jail*, 437

F.3d 791, 794 (8th Cir. 2006).

In the light of these factors, the Court declines to appoint Sebastian counsel at this stage. Thus far, Sebastian has demonstrated that he can adequately present his claims. The issues in this case do not appear complex, nor does the case yet feature conflicting testimony. Accordingly, and recognizing that circumstances may change, the Court denies Sebastian's motion for the appointment of counsel, doc. 9, without prejudice.

### C.     Initial review

Sebastian brings his claims against all defendants in both their individual and official capacities. The Court first considers the official-capacity claims before addressing the claims against each defendant individually.

#### 1.     Official-capacity claims

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). In other words, when a plaintiff brings an official-capacity claim, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (quoting *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007)); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that an official-capacity suit against a sheriff and his deputy "must be treated as a suit against the County"). To prevail on an official-capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Here, four of the defendants are employees of the St. Francois County Jail, while the other two are a health-care contractor with that jail and its employee stationed at the jail. *See* doc. 1 at 3–6. Private employees and contractors who provide medical care to inmates in jail or prison are considered state actors for purposes of section 1983. *See Davis v. Buchanan Cnty.*, 11 F.4th 604, 617 (8th Cir. 2021). So at bottom, the governmental entity Sebastian sues through his official-capacity claims is St. Francois County. Liability against such a municipality under section 1983 may attach if the alleged constitutional violation "resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016)). But Sebastian simply has not alleged that the violation of his rights arose out of an official policy of, an unofficial custom of, or a failure to train and supervise by St. Francois County. Accordingly, the Court dismisses Sebastian's official-capacity claims against all defendants.

## 2. Individual-capacity claims

First, Sebastian sues Halek for his allegedly abusive behavior. While "[t]he Eighth Amendment does not apply to pretrial detainees . . . the Due Process Clause of the Fourteenth Amendment imposes analogous duties on jailers to care for detainees." *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). That duty of care protects pretrial detainees from the use of excessive force amounting to punishment, *see Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015), and gives pretrial detainees "rights which are 'at least as great as the Eighth Amendment protections available to a convicted prisoner," *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (emphasis omitted)

7

(quoting *City of Revere*, 463 U.S. at 244).  The analysis of excessive-force claims under the Due Process Clause turns on whether the defendant's purpose in using force "'was to injure, punish, or discipline' the detainee."  *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) (quoting *Putnam v. Gerloff*, 639 F.2d 415, 419 (8th Cir. 1981)).  Here, Sebastian alleges Halek maced him while he was locked in his cell and defenseless, and only in response to Sebastian asking, sarcastically, whether Halek was proud that he had maced and beaten another inmate.  Doc. 1 at 7–9.  That much suffices to meet the excessive-force standard, and accordingly, the Court finds that Sebastian has sufficiently stated a claim against Halek for excessive force in violation of the Fourteenth Amendment.

Second, Sebastian alleges that after the assault, Halek, Harris, and ACH denied him appropriate health care.  Doc. 1 at 9–11.  To establish a claim for deliberate indifference to medical needs, a detainee must prove not only that he suffered from an objectively serious medical need, but also that jail officials actually knew of and disregarded that need.  *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hartsfield v. Colburn*, 371 F.3d 454, 456–57 (8th Cir. 2004) (explaining that the Eighth Amendment's deliberate-indifference standard applies to pretrial detainees through the Fourteenth Amendment).  In other words, showing that an official has been "deliberately indifferent requires 'both an objective and a subjective analysis'":  the objective prong requires showing that the detainee suffered from an objectively serious medical need, while the subjective prong requires showing that the official actually knew of but deliberately disregarded that serious medical need.  *Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015) (quoting *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014)).  A serious medical need, in turn, is "one diagnosed by a physician or 'so obvious that even a layman would

8

recognize [it].'" *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 360 (8th Cir. 2023) (alteration in original) (quoting *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)).

Here, as to Harris and ACH, Sebastian has not alleged facts demonstrating the second prong—namely, that Harris or ACH knew of and deliberately disregarded his need for medical attention. *See* doc. 1. Sebastian does not allege that he sought but could not obtain medical attention, nor even that Harris or some other ACH representative was present at the jail on the date of the incident. *See id.* Accordingly, Sebastian fails to adequately plead a deliberate-indifference claim against Harris and ACH. As to Halek, however, Sebastian does plead sufficient facts to state a claim for deliberate indifference: Sebastian alleges that Halek continuously maced him in the face at point-blank range until Halek emptied the canister, causing Sebastian blurred vision from the amount of toxin in his eyes, a burning sensation on his skin that lasted for days, and restricted breathing for weeks. Doc. 1 at 8–9, 12–14. That much suffices to demonstrate a serious medical need in the wake of the incident. *See Leonard*, 59 F.4th at 360–61 (citing *Lawrence v. Bowersox*, 297 F.3d 727, 731–32 (8th Cir. 2002), for the proposition that "a pepper-spray shower created an objectively serious medical need"). Further, because Halek himself caused the serious medical need by his conduct—after which he allegedly "left the pod laughing," doc. 1 at 9—Sebastian has sufficiently alleged that Halek knew of but deliberately disregarded that medical need. Accordingly, though the Court dismisses Sebastian's individual-capacity claims against Harris and ACH, it finds that his individual-capacity claim for deliberate indifference against Halek clears the pleading standard.

Finally, Sebastian fails to state claims against the remaining defendants: Roy Foot, Hardy White, and Randy Camden. Sebastian alleges that they violated his First, Fifth, and

9

Fourteenth Amendment rights "by failing to follow up to ensure the well-being of pretrial detainees under their care" and "by not providing voluntary statements" as Sebastian requested in his grievance proceeding.  Doc. 1 at 11–12.  But to properly allege liability under section 1983 against those defendants, Sebastian must allege "a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)).  That's because "[s]upervisors . . . cannot be held vicariously liable under § 1983 for the actions of subordinate."  *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) (alteration in original) (citing *L.L. Nelson Enters. v. Cnty. of St. Louis*, 673 F.3d 799, 810 (8th Cir. 2012)).  Instead, "[t]o state a claim, the plaintiff must plead that the supervising official, through his own individual actions, has violated the Constitution."  *Id.* (quoting *L.L. Nelson Enters.*, 673 F.3d at 810).  A general supervisory responsibility does not suffice to establish personal liability.  *Id.* at 1030–31.

Here, "there is no indication that [Foot, White, or Camden] had any personal connection with" the alleged physical abuse or the ensuing indifference to medical need.  *Madewell*, 909 F.2d at 1208; *see* doc. 1 at 11–12.  Sebastian does not allege that these defendants had any involvement in the incident or in any policy that gave rise to the allegedly unconstitutional conduct.  *See* doc. 1 at 11–12; *see also Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated [his] constitutional rights" (citing *Iqbal*, 556 U.S. at 676)).  Accordingly, Sebastian fails to state a claim against Foot, White, or Camden, and the Court dismisses his claims against those defendants.

**IV.    Conclusion**

10

The Court grants Sebastian's [8] Motion for Leave to Proceed in forma pauperis, and waives the initial partial filing fee.  The Court denies Sebastian's [9] Motion to Appoint Counsel without prejudice.  Then, on initial review, the Court dismisses without prejudice all claims except the excessive-force and deliberate-indifference claims Sebastian makes against Halek in his individual capacity.  Finally, the Court directs the Clerk of Court to serve Halek with process in his individual capacity.

So ordered this 26th day of June 2024.

_SL R. CL_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE